# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6377 | **DATE** | 9/10/2004 |
| **CASE TITLE** | Ryan Herrera vs. Donald R. Rector, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss and alternatively motion for a more definite statement (29) is granted in part and denied in part. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 13 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 33 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Ryan Herrera,  )
            )
       Plaintiff,  )
            )   No. 03 CV 6377
-vs-  )
            )   JUDGE GEORGE W. LINDBERG
Donald R. Rector, et. al.,  )
            )
       Defendants.  )

## MEMORANDUM AND ORDER

Plaintiff Ryan Herrara's third amended complaint alleges claims against defendants Donald R. Rector (hereafter "Rector") and Hooters of Lansing, Inc. (hereafter "defendant") for negligence; assault and battery; false imprisonment; and negligent training, hiring and operation of its business. Defendant has filed a motion to dismiss plaintiff's complaint pursuant to *Fed. R. Civ. P.* 10(b) and 12(b)(6) and in the alternative, for a more definite statement pursuant to *Fed. R. Civ. P.* 12(e). Defendant's motion is granted in part and denied in part.

Plaintiff alleges that on May 3, 2003, Rector, while acting as an agent, servant, representative or employee of defendant, negligently caused injury to plaintiff, committed assault and battery upon plaintiff, and falsely imprisoned plaintiff. Furthermore, plaintiff claims that on and prior to May 3, 2003, defendant was negligent in its training and hiring of Rector and was otherwise negligent in the operation of its business leading to plaintiff's injuries. Plaintiff does not assert a claim for *respondeat superior* liability against defendant at this time. Thus, plaintiff's only claims against defendant are for negligent training, hiring and operation of its business.

03 C 6377

*Federal Rule of Procedure* 12(b)(6) allows a party to file a motion to dismiss for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P.* 12(b)(6). When considering a motion to dismiss, the court must accept as true all well-pleaded facts and draw all reasonable inferences from those allegations in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartless & Assocs., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). The court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999). Furthermore, the defendant has the burden on a motion to dismiss to establish the legal insufficiency of the plaintiff's complaint. *Yeksigian v. Nappi*, 900 F.2d 101, 104-105 (7th Cir. 1990).

Defendant first argues that plaintiff has failed to allege any facts supporting his claims and there are no facts consistent with his complaint sufficient to state a claim. Defendant argues that under Illinois law plaintiff must allege that defendant Rector was unfit, giving rise to a particular danger of harm to third parties, and that the injury was foreseeable. The 7th Circuit has consistently held that there is no requirement in the federal rules for pleading the facts or elements of a claim, with the exception of the matters listed in Rule 9. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002), *contra Twardy v. Northwest Airlines*, 2001 WL 199567 (N.D. Ill.). Rather, a pleading is sufficient to give a defendant adequate notice of the claim when indicating the general purpose, the parties involved, and the approximate date of the occurrence. *Id.* Plaintiff's third amended complaint does state the general purpose of the claims, the relevant parties, and the date of the occurrence in question.

03 C 6377

Defendant also argues that plaintiff's claims of negligent hiring and training are insufficient legal conclusions, and that these claims must be dismissed because the complaint does not state any facts that support these conclusions. However, the 7th Circuit has held that details of fact and law belong in documents succeeding the complaint. *Bartholet v. Reishauer,* 953 F.2d 1073, 1078 (7th Cir. 1992). Furthermore, contrary to defendant's suggestion that the claims be dismissed because the legal conclusions are incorrect, plaintiff need not identify any legal theory in the complaint, and stating an incorrect legal theory is not fatal. *Id.* The third amended complaint is sufficient to give defendant adequate notice of plaintiff's claims and to pass muster under the liberal pleading requirements applicable in federal court. Therefore, defendant's motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6) is denied.

Defendant further contends that plaintiff's complaint "violates *Federal Rules of Procedure* 10(b) . . . [and] the pleading of different theories in the same paragraph is improper under the federal rules." Defendant argues that the complaint should be dismissed because the claims are not presented in separate paragraphs. *Federal Rules of Procedure* 10(b) states that "each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth." *Fed. R. Civ. P.* 10(b). Pursuant to Rule 10(b), separate statements of claims may be required where there are several defendants in a single complaint. *Plummer v. Chicago Journeyman Plumbers' Local Union,* 452 F. Supp. 1127, 1144 (N.D. Ill. 1978). However, the main consideration is whether the claims are clear enough to give notice of the allegations to defendant. *Id.* While defendant correctly argues that courts retain the power to order compliance with Rule 10(b), exercise of this power is left to the court's discretion. *Three D Departments,*

3

*Inc. v. K Mart Corp.*, 670 F. Supp. 1404, 1409 (N.D. Ill. 1987). Plaintiff has separated each defendant's potential liability into two separate paragraphs in the complaint. Plaintiff lists all the claims alleged against Rector in paragraph 5 of the complaint, and plaintiff lists all claims alleged against defendant in paragraph 6. The claims are presented clearly and in accordance with Rule 10(b). Defendant has adequate notice of the relevant allegations. Therefore, defendant's motion to dismiss pursuant to *Fed. R. Civ. P.* 10(b) is denied.

Defendant has also moved for a more definite statement pursuant to *Fed. R. Civ. P.* 12(e). A motion for a more definite statement will be granted when "the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Fed. R. Civ. P.* 12(e). The Court will consider the movant's ability to prepare a responsive pleading and whether the movant would be prejudiced by attempting to answer the pleading without a more definite statement of the claims alleged. *See UNR Industries, Inc. v. Continental Ins. Co.*, 607 F. Supp. 855, 868 (N.D. Ill. 1984). Tension exists between the lenient pleading standards of Rule 8 and the degree of specificity necessary to respond to allegations in a complaint. *See Robinson v. Midlane Club*, 1994 U.S. Dist. LEXIS 14790 (N.D. Ill., 1994).

Defendant has asked that plaintiff set forth the times and locations of the events; details concerning how Rector allegedly caused injury to plaintiff; details supporting plaintiff's conclusion that Rector acted as defendant's agent or employee; and how defendant was negligent in its training and hiring of Rector in a more definite statement. To allow defendant to sufficiently respond to the complaint, plaintiff should set forth the location and time of the event and facts as to how plaintiff was allegedly injured. Defendant would be prejudiced in preparing a response to this pleading if these facts were not available. As to the details concerning Rector's

03 C 6377

employment and defendant's negligent training and hiring, these facts are more appropriately handled in discovery. Defendant's request for an order requiring plaintiff to set forth a more definite statement is therefore granted in part and denied in part.

**ORDERED:** Defendant Hooters of Lansing, Inc.'s Motion to Dismiss and alternatively Motion for a More Definite Statement [29] is granted in part and denied in part. The request for dismissal is denied. The request for a more definite statement is granted in part and denied in part. Plaintiff shall, on or before 9/24/2004, file a more definite statement as to the location and time of the event and as to how plaintiff was allegedly injured. Defendant's answer shall be due on or before 10/8/2004.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: SEP 10 2004